UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
Case No.: 25-5056

MICHAEL ROCKS-MACQUEEN,
Appellant,

v.

CENTRAL INTELLIGENCE AGENCY, et al.,
Appellees.

**NOTICE OF REFILING – Petition for Writ of Mandamus (EMERGENCY FILING)**

Appellant respectfully submits this **Petition for Writ of Mandamus** under the correct docket event. The prior filing entered at Docket Entry #5 was erroneously classified as a "Motion to Expedite" by the Clerk's Office. This filing is classified under Rule 27-3 as an emergency to prevent the spoliation of crucial evidence in the lower courts proceedings with unwarranted suspected actions of the defendants.

This corrected filing contains the same substantive petition and exhibits originally intended, along with the required Circuit Rule 27-3 Emergency Motion Certification, and should be docketed and treated as an Emergency Petition for Writ of Mandamus. Concurrently, the title of the filing has been renamed to "Petition for Writ of Mandamus."

Appellant requests that the Court process this filing under the proper event code and **disregard the misclassified entry** to ensure accurate docketing and proper consideration of the relief requested. Appellant called and emailed the emergency line and email regarding guidance within business hours August 15th, 2025, but received no response. To ensure the record is clear and the matter receives immediate review, a new filing is being submitted with correct motion code entry.

Respectfully submitted,

Michael Rocks-Macqueen

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
Appeal No: 25-5056

MICHAEL ROCKS-MACQUEEN,
Appellant,

v.

CENTRAL INTELLIGENCE AGENCY, et al.,
Appellee(s),

**EMERGENCY PETITION FOR WRIT OF MANDAMUS
UNDER CIRCUIT RULE 27-3**

**Relief Requested**

Pursuant to Federal Rule of Appellate Procedure 21 and Ninth Circuit Rule 27-3, Appellant respectfully petitions this Court to immediately issue the Writ of Mandamus under 28 U.S.C. § 1651(a) and Fed. R. App. P. 21 compelling the United States District Court for the District of Arizona to rule within 48 hours on Appellant's pending Subpoena Duces Tecum motion in case 2:25-cv-02564-KML (Doc. 25).

This motion has been unreasonably delayed despite the imminent risk of destruction of irreplaceable evidence directly tied to claims in this appeal. Continued inaction violates the First Amendment, the Due Process Clause, and the Federal Rules of Civil Procedure, and threatens this Court's ability to render meaningful appellate relief.

**Immediate and Irreparable Risk**

The subpoena seeks electronic call logs, surveillance footage, keycard data, staff rosters, and maintenance logs from Extended Stay America in Scottsdale, Arizona, for dates in July–August 2025. These records are subject to routine 30 day overwrites in the hospitality industry. Each passing day increases the likelihood of permanent loss.

On August 3, 2025, during the pendency of related filings, Appellant experienced unlawful entry into his residence and interference with water sources, further increasing the risk of evidence spoliation.

Without immediate judicial intervention, the destruction or alteration of these records will frustrate both the appellate review and constitutional claims currently before this Court.

## Jurisdiction

This Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), which empowers appellate courts to issue writs of mandamus in aid of their jurisdiction, and Federal Rule of Appellate Procedure 21, governing petitions for such writs.

Jurisdiction is proper here because the relief sought is essential to preserve this Court's ability to conduct meaningful appellate review. Without immediate intervention, the imminent destruction of subpoenaed evidence, including time-sensitive electronic records and physical evidence which will irreversibly prejudice Appellant's constitutional claims and render the pending appeal effectively moot. This Court's authority under the All Writs Act is necessary to prevent spoliation that would frustrate its jurisdiction and defeat the administration of justice.

## Statement of Facts

- August 12, 2025: Appellant filed a Subpoena Duces Tecum motion in the District of Arizona (Doc. 25) seeking evidence essential to his appeal (No. 25-5056).

- The District Court has failed to act for three days, despite repeated follow-up and the time-sensitive nature of the request.

- The requested records directly corroborate or rebut factual findings challenged in this appeal and are indispensable for resolving the pending constitutional and procedural issues.

- Appellant has previously suffered abuse and unlawful lockout from Extended Stay America on July 29, 2025, the day before filing an expedited motion (Doc. 14).

- On August 3, 2025, Appellant's residence was unlawfully entered, threatening spoliation of clean water sources and relevant physical evidence.

## Grounds for Relief

Federal precedent makes clear that undue delay in ruling on time-sensitive discovery constitutes prejudicial error:

- *Perez v. City of Austin,* 968 F.3d 554, 562 (5th Cir. 2020) – undue delay in discovery rulings is prejudicial error.
- *In re Glass,* 627 F.3d 1330, 1332 (10th Cir. 2010) – mandamus is appropriate where lower court inaction threatens irreparable harm.
- *Telecomms. Research & Action Ctr. v. FCC,* 750 F.2d 70, 79–80 (D.C. Cir. 1984) – mandamus proper where delay amounts to a refusal to act.

The All Writs Act obligates appellate courts to ensure that lower court inaction does not defeat appellate jurisdiction. Where evidence is perishable and integral to pending issues, delay is tantamount to denial.

In *Perez v. City of Austin*, 521 F.3d 545, 547–48 (5th Cir. 2008), the court held that expedition is warranted where delay "unduly prejudice[s]" rights or renders relief "ineffectual." The risk here mirrors Perez exactly, calculated delay serves only to entrench the defendants' unlawful advantage.

Similarly, *In re Glass*, 978 F.2d 1269, 1271 (D.C. Cir. 1992) approved Mandamus where delay threatened to moot the relief sought and deprive the court of the ability to render meaningful review.

## Conclusion

Appellant respectfully demands that this Court order the District of Arizona to rule on the pending subpoena motion within 48 hours of this Court's order, and in no event later than August 20, 2025, to prevent destruction or loss of evidence.

## Relief Sought:

Immediate issuance of a Writ of Mandamus directing the District Court to rule on Appellant's subpoena motion. Alternatively, an order setting a fixed deadline for such ruling. Any further relief this Court deems just and proper.

**Urgency is paramount. Due to ongoing federal actions, Appellant is experiencing poisoning, as evidenced in the Exhibits accompanying his Writ of Certiorari. Immediate intervention is necessary to prevent further irreparable harm.**

I Michael Rocks-Macqueen, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 15th, 2025 in Scottsdale, Arizona.

Signed _____

Michael Rocks-Macqueen
PO Box 13537
Scottsdale, AZ 85267